UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALI PASCAL MAHVI, | ) | CASE NO.  1:24-CV-1098 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| GEAUGA COUNTY, OHIO JOBS | ) | **MEMORANDUM OPINION** |
| AND FAMILY SERVICES, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court are Defendants Geauga County Ohio Jobs and Family Services' ("OJFS"), Karen Sweet's ("Sweet"), Tenga, Inc.'s (d/b/a WKYC TV) ("WKYC"), and Tom Meyer's ("Meyer") (collectively "Defendants") motions to dismiss.  (Docs. 21, 25.)  Plaintiff Ali Pascal Mahvi ("Mahvi") opposed the motions (Docs. 26, 27), and Defendants replied (Docs. 28, 29).  For the reasons set forth below, Defendants' motions to dismiss are GRANTED because Mahvi's claims are barred by the applicable statute of limitations.

I.    BACKGROUND

   A.    Factual Background

From 2013 through 2016, Mahvi lived in Geauga County and participated in the Supplemental Nutrition Assistance Program ("SNAP") and related benefits programs.  (Doc. 19 at 111.)[1]  In August 2016, Sweet, a fraud investigator with OJFS, began investigating Mahvi's receipt of these benefits.  (*Id.* at 116.)  During her investigation, Sweet obtained a search warrant for Mahvi's home.  (*Id.* at 117.)  On September 2, 2016, the search warrant was executed.  (*Id.*)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

In December 2016, Mahvi was indicted and charged with various fraud offenses relating to his receipt of SNAP and other benefits. (*Id.* at 145.) In September 2017, he was convicted after a bench trial. (*Id.* at 147.) Mahvi maintains his innocence and alleges OJFS and Sweet engaged in fraud, misconduct, and other illegal actions throughout the investigation. (*Id.*)

Mahvi also alleges Meyer, an investigative reporter for WKYC news, conspired with Sweet and arranged for a cameraman to be present during the search of Mahvi's home. (*Id.* at 118.) Meyer broadcasted stories in 2016 and 2017 relating to the investigation, indictment, trial, and conviction. (*Id.* at 119.) In these stories, Meyer allegedly reported that Mahvi was Iranian, Muslim, and the son of Iranian royalty. (*Id.*) Plaintiff alleges Meyer did so with racial animus, all while he knew Mahvi was an American citizen. (*Id.*) Allegedly, Meyer conspired with Sweet and others to harm Mahvi's reputation and business relationships. (*Id.*)

**B.      Procedural History**

Plaintiff filed his complaint on July 1, 2024. (Doc. 2.) He asserted claims arising under 42 U.S.C. §§ 1981, 1983, and 1985, and requested a new state trial to prove his innocence. (*Id.* at 19.) The named defendants are OJFS, Sweet, WKYC, and Meyer. (*Id.* at 13.) On August 5, 2024, Defendants OJFS and Sweet answered and moved to dismiss. (Docs. 14, 15.) Defendants WKYC and Meyer moved to dismiss on August 22, 2024. (Doc. 18.)

On August 26, 2024, Plaintiff filed a first amended complaint. (Doc. 19.) The first amended complaint alleges violations of 42 U.S.C. § 1983 (Count One, against all Defendants); 42 U.S.C. § 1981 (Count Two, against all Defendants); and 42 U.S.C. § 1985 (Count Three, against all Defendants). The first amended complaint added Geauga County Commissioners, including James Dvorak, a member of the Geauga County Board of Commissions as

defendants.[2] On September 12, 2024, Defendants WKYC and Meyer moved to dismiss the first amended complaint. (Doc. 21.) Defendants OJFS and Sweet moved to dismiss the first amended complaint on September 25, 2024. (Doc. 25.) Plaintiff opposed both motions (Docs. 26, 27) and Defendants filed replies (Docs. 28, 29).

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court must dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When evaluating a motion to dismiss, courts must presume all factual allegations to be true and all inferences must be drawn in plaintiff's favor. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)). But the court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations

---

[2] The first amended complaint does not contain any allegations relating to a "James Dvorak." Further, nothing on the docket reflects "James Dvorak" was served in this case. And while the first amended complaint adds "Geauga County Commissioners" as a defendant, there is nothing on the docket suggesting service. Notwithstanding these issues, because the first amended complaint must be dismissed on statute of limitations grounds, no claims can also remain as to the "Geauga County Commissioners" or "James Dvorak" defendants.

will not suffice." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)). A pleading that offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012)). Nor does a complaint suffice if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotations and citations omitted).

Notable here, a plaintiff's own allegations may establish "an insurmountable bar to relief" such that a motion to dismiss must be granted. *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64). "[D]ismissal of a plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Wershe v. City of Detroit*, 112 F.4th 357, 364 (6th Cir. 2024) (quoting *Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 86 F.4th 1168, 1178 (6th Cir. 2023)). Simply stated, "plaintiffs can plead themselves out of court on statute-of-limitations grounds if the complaint alleges facts showing that they did not sue in time." *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024).

**III. ANALYSIS**

All Defendants moved for dismissal on the grounds that each of Mahvi's claims are barred by the applicable statute of limitations.[3] (Doc. 21-1 at 160; Doc. 25 at 197.)

The statutory text of §§ 1981, 1983, and 1985 does not set forth a limitations period. *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002). Instead, each borrows "the most appropriate or analogous state statute of limitations." *Stevenson v. Rayloc*, 114 F. App'x 167, 169 (6th Cir. 2004) (citing *Goodman v. Lukens Steels Co.*, 482 U.S. 656, 660-61, 107 S.Ct. 2617,

---

[3] Defendants also assert various other arguments, including party-specific arguments. The Court does not reach these arguments because the statute of limitations bars all of Plaintiff's claims.

96 L.Ed.2d 572 (1987)). "[F]or all §§ 1981, 1983, and 1985 actions, federal courts apply the state personal injury statute of limitations." *Moore*, 47 F. App'x at 320. In Ohio, the statute of limitations for personal-injury torts is two years. R.C. § 2305.10(A). Thus, each of Plaintiff's claims are subject to a two-year statute of limitations.[4] *See Cornelius v. Kroger Co.*, No. 13-cv-708, 2014 WL 6685172, 2014 U.S. Dist. LEXIS 165118, at *11 (S.D. Ohio Nov. 25, 2014) (collecting cases applying Ohio's statute of limitations for personal-injury torts to § 1981 claims); *Beaver St. Invests., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023) (holding "[t]he statute of limitations for § 1983 claims is the relevant state's statute of limitations for personal-injury torts," and so, "a two-year statute of limitations applies to § 1983 claims" brought in Ohio); *Dotson v. Lane*, 360 F. App'x 617, 619 n.2 (6th Cir. 2010) ("[a] two-year statute of limitations applies to section 1985 cases brought in the state of Ohio.").

Unlike the time period for the statute of limitations which is governed by the analogous state law, when a claim begins to accrue is governed by federal law. *Beaver St. Invests.*, 65 F.4th at 826 (citing *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)). Generally, a plaintiff's claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (quoting *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). Stated somewhat differently, courts "look[] to what event should

---

[4] WKYC and Meyer state that statute of limitations for § 1981 claims is four years pursuant to 28 U.S.C. § 1658. (Doc. 21-1 at 170.) But § 1658 only applies to conduct made illegal by the Civil Rights Act of 1991, which added provisions to § 1981. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2007). Thus, a claim is subject to the state's analogous statute of limitations if the conduct was previously prohibited by § 1981 before the enactment of the Civil Rights Act of 1991, and a claim is subject to a four-year statute of limitations if the conduct was made prohibited by the Civil Rights Act of 1991. *Id.* The Civil Rights Act of 1991 only amended § 1981 relating to "alleged discriminatory actions occurring after the formation of the employment relationship." *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 514 (6th Cir. 2003). Because the conduct here was not made prohibited by the Civil Rights Act of 1991, the state analogous statute of limitations applies, not § 1658. In any event, under either time period, Plaintiff's claims fail.

have alerted the typical lay person to protect his or her rights." *Id.* (quotation and citations omitted).

Mahvi's complaint alleges OJFS' and Sweet's injurious conduct began with their investigation, namely the execution of the search warrant on September 2, 2016, and continued until his conviction in September 2017. As for WKYC and Meyer, their first alleged misconduct occurred in September 2016 and continued until December 2016. Based on Mahvi's own allegations, he "knew or had reason to know" they caused his alleged injuries as early as September 2016 and as late as September 2017.

Mahvi had two years to file his claims. Meaning, Mahvi had to file his claims against OJFS and Sweet by September 2019, and his claims against WKYC and Meyer by December 2018. He did not file this lawsuit until 2024. To avoid a determination his claims are time-barred, Mahvi argues §§ 1981, 1983, and 1985 contain no explicit statute of limitations in their text, so no statute of limitations applies. (Doc. 26 at 216.) But long-established Supreme Court and Sixth Circuit precedent forecloses this argument. *See Goodman*, 482 U.S. at 660-61; *3799 Mill Run Partners, LLC v. City of Hilliard*, 839 F. App'x 948, 950 (6th Cir. 2020) (explaining federal courts use state statute of limitations for § 1983 claims). While Mahvi acknowledges this precedent, he argues it "is unclear that this judicially created two-year statute of limitations" should apply. (Doc. 26 at 216.) Based on established precedent, however, it is clear a two-year statute of limitations applies.

Notwithstanding the statute of limitations, Mahvi asks the Court to toll the accrual of his claims. "Equitable tolling 'allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Plummer v. Warren*, 463 F. App'x 501, 504 (6th Cir. 2012) (quoting *Robertson v.*

*Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). "[A] litigant's failure to meet a legally-mandated deadline due to unavoidable circumstances beyond that litigants control is often the most significant consideration in courts' analyses." *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (cleaned up). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.*  The Sixth Circuit has identified five considerations when determining whether equitable tolling should apply: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement. *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784.

Mahvi asserts equitable tolling saves his claims.[5] (Doc. 19 at 130-31; Doc. 26 at 216.) In doing so, he directs the Court to allegations included in his first amended complaint, namely: he did not have actual or constructive knowledge of the time limitations for filing his claims; he diligently pursued these claims after learning about the time limitations; it is reasonable he remained ignorant of his rights and time limitations because his lack of legal knowledge; and that

---

[5] It is an open question in this Circuit whether federal or state law equitable tolling applies to § 1983 claims (and by extension § 1981 and § 1985). *See Wershe*, 112 F.4th at 370-71 (discussing whether federal or state equitable tolling applies, ultimately not answering the question because the arguments failed under either standard).  Typically, when a court borrows a state's statute of limitations, the court also borrows the state's tolling rules. *Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010) ("[w]hen the statute of limitations is borrowed from state law, so too are the state's tolling provisions").  Here, the parties assume federal equitable tolling applies and do not address equitable tolling under Ohio law.  Therefore, the Court will only address federal equitable tolling.  Nonetheless, the Court notes Ohio's equitable tolling principle is substantially similar to the federal standard. *Antioch Co. Litig. Tr. v. Morgan*, 644 F. App'x 579, 583 (6th Cir. 2016) ("Under Ohio law, equitable tolling is to be applied sparingly where a litigant has 'diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action.'") (quoting *Coleman v. Columbus State Comm. Coll.*, 49 N.E.3d 832, 838 (Ohio Ct. App. 2015)).

defendants will suffer no prejudice from the tolling of the claims.  (Doc. 19 at 130-31.)

Mahvi's equitable tolling argument claims ignorance of the law prevented him from filing on time.  This is the only "circumstance" Mahvi advances.  Ignorance of the law is insufficient to invoke equitable tolling.  *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("It is well-settled ignorance of the law is not sufficient to warrant equitable tolling.") (collecting cases).  Mahvi does not provide any circumstances which "unavoidably arose" that was "beyond" his control which prevented him from pursuing his claims.  *Zappone*, 870 F.3d at 556.

Even if the Court could accept Mahvi's ignorance of the law argument, Mahvi did not diligently pursue his rights.  To show diligence, Mahvi must show he "pursued the instant claims during the entire period over which he seeks equitable tolling."  *Wershe*, 112 F.4th at 367-68.  That is, Mahvi "must have pursued his claims with 'some regularity' during that period, 'as permitted by his circumstances.'"  *Id.* at 368 (quoting *Smith v. Davis*, 953 F.3d 582, 601 (9th Cir. 2020) (en banc)).  Consulting legal professionals can sometimes establish diligence.  *Id.*

Mahvi has neither pleaded nor argued in opposition that he did anything to pursue his claims in 2019 or at any time between 2019 until 2023 when he consulted legal counsel about a civil action.  (Doc. 26 at 217.)  Allowing four years to pass with no action to pursue one's civil claims is not reasonable diligence.  *Wershe*, 112 F.4th at 368 (merely consulting two attorneys over a period of time did not establish reasonable diligence).

Mahvi also acknowledges engagement in a flurry of activity relating to his criminal conviction from 2017 to present.  For instance, he "filed complaints against the Defendants" and "wrote no less that [sic] 100 letters to the State agencies."  (Doc. 26 at 218.)  These allegations do not help Mahvi's argument for equitable tolling.  In fact, these allegations confirm Mahvi knew or reasonably should have known of his alleged injuries in 2016 and 2017.

Mahvi, relying on *Robertson*, appears to argue the ineffective assistance of criminal defense counsel was the reason he delayed in pursuing these civil claims. (Doc. 19 at 131.) In *Robertson*, the Sixth Circuit remanded the case to the district court for further consideration and noted that an attorney's incompetence may be sufficient for equitable tolling. *Robertson*, 624 F.3d at 783. But, again, the timeline does not aid Mahvi's argument.

Mahvi directs the Court to disciplinary proceedings in 2019. *See Disciplinary Counsel v. Delay*, 132 N.E.3d 680 (Ohio 2019). Even if the Court credited Mahvi's argument his criminal defense counsel's failures delayed pursuing these civil claims, the disciplinary proceedings were publicly known in 2019. Years have passed since 2019 with no action taken to pursue these civil claims. Mahvi has provided no information that would warrant equitable tolling after 2019. Simply stated, Mahvi has not met his burden of demonstrating equitable tolling saves his claims from the applicable two-year statute of limitations.

### IV.  CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are GRANTED because Plaintiff Ali Pascal Mahvi's claims are barred by the applicable statute of limitations. All claims are DISMISSED with prejudice.

**IT IS SO ORDERED.**

Date:  May 29, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE